# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL A. GALLUZZO,

          Petitioner,      :      Case No. 3:17-cv-218

  - vs -                        District Judge Thomas M. Rose
                              Magistrate Judge Michael R. Merz

STATE OF OHIO, et al.,

                                 :

          Respondents.

# REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on the Amended Petition (ECF No. 14) for initial review under Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

When Petitioner initially filed this action, he was in the pre-trial custody of the Sheriff of Clark County. After the case was transferred here from the Eastern Division on June 27, 2017, the Court ordered the Sheriff as custodian to supplement his response to the Petition by showing what had happened in the Clark County Municipal Court to the case on which Mr. Galuzzo was arrested (ECF No. 9). The Clark County Prosecutor filed a Supplemental Memorandum which showed that Petitioner had been convicted in the Clark County Municipal Court and sentenced to thirty days confinement with twenty-four days suspended on certain conditions (ECF No. 10).

The Court found that by virtue of imposition of those conditions, Mr. Galluzzo remained sufficiently in custody to invoke the habeas corpus jurisdiction of this Court (Order, ECF No. 11, PageID 83). However, because the custody was now post-judgment, the Court was required to proceed under 28 U.S.C. § 2254. *Id.* The Clerk was ordered to furnish Petitioner with the standard form for § 2254 cases and he was directed to file an amended petition on that form not later than September 14, 2017. *Id.*

Mr. Galluzzo has now filed his First Amended Petition. He has not used the standard form and has failed to provide much of the information that form requests. However, he has provided sufficient information for initial review under Rule 4.

Before presenting claims in federal habeas corpus, a state court defendant must exhaust the remedies available to him under state law for litigating his federal constitutional claims. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275 (1971). In Ohio, this includes direct and delayed appeal to the Ohio Court of Appeals and the Ohio Supreme Court. *Mackey v. Koloski,* 413 F.2d 1019 (6th Cir. 1969); *Allen v. Perini,* 424 F.2d 134, 140 (6th Cir. 1970).

In the body of his Amended Petition, Galluzzo claims he has exhausted state court remedies because there was no final appealable order "where the court acted without jurisdiction in violation of substantial rights, there is no valid order to appeal." (Amended Petition, ECF No. 14, PageID 90). At the same place, Galluzzo asserts he has not "filed any other action in any state of [sic] federal court regarding this matter."

Petitioner is wrong in his assertion. The Ohio Second District Court of Appeals has appellate jurisdiction on criminal judgments in the Clark County Municipal Court. It certainly has jurisdiction to decide the federal constitutional claims made by Mr. Galluzzo, to wit, that the Clark County Municipal Court tried and convicted him without jurisdiction and pursuant to Ohio

2

criminal and traffic statutes which interfere with his fundamental rights. It is too late for Galluzzo to file a direct appeal of right from his conviction, but he still has the remedy of delayed appeal available. This Court may not adjudicate a habeas corpus petition that contains unexhausted claims and indeed must dismiss such petitions. *Rose v. Lundy,* 455 U.S. 509 (1982); *accord, Pilette v. Foltz,* 824 F.2d 494 (6th Cir. 1987).

Accordingly, it is respectfully recommended that the Amended Petition herein be dismissed, without prejudice to its refiling after Petitioner has exhausted his available state court remedies.

September 15, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).