# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL A. GALLUZZO,

        Petitioner,    :    Case No. 3:17-cv-218

- vs -        District Judge Thomas M. Rose
        Magistrate Judge Michael R. Merz

STATE OF OHIO, et al.,

        :

        Respondents.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 16) to the Magistrate Judge's Report and Recommendations recommending this case be dismissed with0out prejudice to its refiling after the Petitioner exhausted available state court remedies (ECF No. 15). District Judge Rose has recommitted the case for reconsideration in light of the Objections (ECF No. 17).

Galluzzo was convicted in the Clark County Municipal Court on June 26, 2017, on several traffic violations and sentenced to both confinement and a probationary sentence. (ECF No. 10-15, PageID 80). In his Amended Petition, he claimed he had exhausted available state court remedies, even though he had not appealed, because there was no final appealable order (ECF No. 14, PageID 90). The Magistrate Judge concluded this was not correct because

> The Ohio Second District Court of Appeals has appellate jurisdiction on criminal judgments in the Clark County Municipal Court. It certainly has jurisdiction to decide the federal constitutional claims made by Mr. Galluzzo, to wit, that the Clark

1

> County Municipal Court tried and convicted him without jurisdiction and pursuant to Ohio criminal and traffic statutes which interfere with his fundamental rights.

(Report, ECF No. 15, PageID 105-06.)

Galluzzo objects that he has exhausted state remedies because he challenged the jurisdiction of the Municipal Court in a motion in that court and filed a Petition for Recusal of the trial court judge in the Ohio Supreme Court on June 15, 2017. The exhaustion doctrine, however, is not satisfied by raising the constitutional claim. Instead, Petitioner must "exhaust" – present in every forum available – his constitutional claims. He does not deny that he has neither taken a direct appeal nor filed a request for a delayed appeal in the Second District Court of Appeals and this is one of the available state court remedies he must exhaust.

Galluzzo secondly objects that the State of Ohio had no jurisdiction to proceed and particularly that the judgment against him is not a lawful judgment (Objections, ECF No. 16, PageID 109). He then writes at length why he believes the Clark County Municipal Court had no jurisdiction over either the subject matter of his case or over his person and claims that its judgment is therefore not lawful. This argument is beside the point. This Court cannot exercise its habeas corpus jurisdiction (except to deny the writ on the merits) until Galluzzo's lack of jurisdiction claim has been exhausted by presenting it to the Second District Court of Appeals and, if unsuccessful, to the Ohio Supreme Court. That is, we do not have power to decide that the state court was without jurisdiction until that claim has been presented to the Ohio appellate courts.

Because Galluzzo has not exhausted available state court remedies for his constitutional

claims, it is again respectfully recommended that his Petition be dismissed without prejudice for lack of exhaustion.

October 3, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).