IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHAEL A. GALLUZZO,

        Petitioner,    :    Case No. 3:17-cv-218

- vs -    District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

STATE OF OHIO, et al.,

                      :

        Respondents.

# REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION

This habeas corpus case is before the Court on Petitioner's Motion for Reconsideration (ECF No. 22). Because it is a post-judgment motion, it is deemed referred under Fed. R. Civ. P. 72(b)(3) for report and recommendations.

The Court entered judgment in this case dismissing the Petition on January 19, 2018 (ECF Nos. 20 & 21). The instant Motion is therefore filed within the twenty-eight days allowed for a motion to amend the judgment under Fed. R. Civ. P. 59(e).

A district court may alter a judgment under Rule 59 based on (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

The Magistrate Judge recommended twice that the Petition be dismissed without prejudice pending Galluzzo's exhaustion of available state court remedies by direct appeal (ECF Nos. 15 &

1

18). Galluzzo argues in conclusory fashion that the Court's Judgment is "inconsistent in Law and inapposite to Supreme Court decisions." (Motion, ECF No. 22, PageID 128). However, the only Supreme Court decisions he cites are *Miranda v. Arizona*, 384 U.S. 436 (1966); *Ableman v. Booth*, 62 U.S. 506 (1859); and *Mitchum v. Foster*, 407 U.S. 225 (1972). None of those cases discusses or has any bearing on the duty of a habeas corpus petition to exhaust available state court remedies before filing for the writ.

Accordingly, the Magistrate Judge respectfully recommends the Motion be DENIED. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

February 12, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d

947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).