# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL A. GALLUZZO,

        Petitioner,    :    Case No. 3:17-cv-218

- vs -    District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

STATE OF OHIO, et al.,

    :

        Respondents.

## REPORT AND RECOMMENDATIONS ON SECOND MOTION FOR RECONSIDERATION

This habeas corpus case is before the Court on Petitioner's Second Motion for Reconsideration (ECF No. 25). Because it is a post-judgment motion, it is deemed referred under Fed. R. Civ. P. 72(b)(3) for report and recommendations.

The Court entered judgment in this case dismissing the Petition on January 19, 2018 (ECF Nos. 20 & 21). The instant Motion was not filed within the twenty-eight days allowed for a motion to amend the judgment under Fed. R. Civ. P. 59(e). Because that is a time period that District Courts lack authority to extend, we are without jurisdiction to consider the Motion under Fed. R. Civ. P. 59.

In addition to citing Fed. R. Civ. P. 59, Galluzzo asserts "Rule 60 would also apply." (Motion, ECF No. 25, PageID 135.) The time for filing a Rule 60(b) motion has not expired and the Magistrate Judge will therefore consider the Motion under Fed. R. Civ. P. 60(b) which provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Only Rule 60(b)(1) is available to Galluzzo to make the claim he asserts of legal error by the Court in dismissing his Petition. He does not assert any newly discovered evidence, any fraud, that this Court's judgment is void, or that the judgment has been satisfied or released. Fed. R. Civ. P. 60(b)(6) is only available when none of the other subsections apply. *Abdur'Rahman v. Bell (In re Abdur'Rahman)*, 392 F.3d 174, 183 (6th Cir., 2004)(en banc).

Fed. R. Civ. P. 60(b) (1) provides "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons (1) mistake, inadvertence, surprise, or excusable neglect; . . ." Rule 60(b)(1) "is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307

F.3d 451, 455 (6th Cir. 2002). In order to be eligible for relief under 60(b)(1) the movant must demonstrate the following: (1) The existence of mistake, inadvertence, surprise, or excusable neglect. (2) That he [or she] has a meritorious claim or defense. *Marshall v. Monroe & Sons, Inc.,* 615 F.2d 1156, 1160 (6th Cir. 1980), *citing Ben Sager Chemicals International, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 808 (7th Cir. 1977); *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *Central Operating Company v. Utility Workers of America*, 491 F.2d 245 (4th Cir. 1973). Determinations made pursuant to Fed. R. Civ. P. 60(b) are within the sound discretion of the court and will not be disturbed on appeal unless the court has abused its discretion. *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012); *H. K. Porter Co., Inc. v. Goodyear Tire and Rubber Co.,* 536 F.2d 1115, 1119 (6th Cir. 1976); *Smith v. Kincaid*, 249 F.2d 243, 245 (6th Cir. 1957).

The Magistrate Judge twice recommended that the Petition be dismissed without prejudice pending Galluzzo's exhaustion of available state court remedies by delayed direct appeal (ECF Nos. 15, 18). District Judge Rose adopted those Reports on January 19, 2018, and dismissed the case (ECF No. 20). The Magistrate Judge then recommended that Galluzzo's first Motion for Reconsideration be denied (ECF No. 23), and Judge Rose adopted that recommendation when Galluzzo filed no objections (ECF No. 24). Because he filed no objections, Galluzzo has forfeited any objections he could have made. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).

Galluzzo's instant Motion, however, argues different case law from that cited in the first Motion for Reconsideration. He starts with the proposition that an Ohio court's territorial jurisdiction must be established by the State on the record when it is challenged by a criminal defendant (Motion, ECF No. 25, PageID 136). That is a proposition of Ohio law for which he cites no authority in the instant Motion. Assuming that proposition to be true, the Magistrate

3

Judge recommended the Petition be dismissed for failure to exhaust state court remedies for that failure of proof (Supplemental Report and Recommendations, ECF No. 18).

But Galluzzo argues that the Second District Court of Appeals has no appellate jurisdiction because the judgment of the Clark County Municipal Court is not a final appealable order (Motion, ECF No. 25). What constitutes a final appealable order is also a question of Ohio law. Galluzzo could assert in a motion for delayed appeal that the Clark County Municipal Court's termination entry is not appealable because territorial jurisdiction was not proved at trial and the Second District would presumably decide that question.

Still confident of his position, Galluzzo asserts further that a void order does not have to be declared void by a court before it is void (Motion, ECF No. 25, PageID 137, citing *Valley v. Northern Fire and Marine, Ins. Co.,* 254 U.S. 348 (1920). There the insurance company had been declared an involuntary bankrupt and the Supreme Court declared the bankruptcy court had no jurisdiction over an insurance company as a result of § 4-b of the Bankruptcy Act of 1898. Justice McKenna, writing for the Supreme Court, held

> Courts are constituted by authority and they cannot go beyond the power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities. They are not voidable, but simply void, and this even prior to reversal. *Elliott* v. *Peirsol*, 1 Pet. 328, 344 [(1828)]; *Old Wayne Mutual Life Association* v. *McDonough*, 204 U.S. 8.

*Id.* at 353-5. Relying on this authority, Galluzzo asserts he does not need a declaration of a court that the judgment against him is void. Yet he still seeks to have this Court make such a declaration. The whole point of the exhaustion doctrine is that a habeas court will not exercise its jurisdiction to declare a criminal judgment unconstitutional until a habeas petitioner has sought such a judgment from the state courts.

4

Galluzzo relies on *Freytag v. Commissioner*, 501 U.S. 868, 896 (1991), for the proposition that an appellate court cannot ignore the lack of jurisdiction in the court from which an appeal is taken. Although the citation is to a dissenting opinion of Justice Scalia, it is a valid legal proposition. Lack of subject matter jurisdiction in the convicting court has long been a basis for habeas corpus relief. See *Ex parte Lange*, 85 U.S. (18 Wall.) 163 (1873); *Ex parte Siebold*, 100 U.S. 371 (1879). Presumably Ohio follows the same proposition and the Second District Court of Appeals will follow it in Galluzzo's case if he gives it the opportunity. Once he has done that and appealed from any adverse decision to the Ohio Supreme Court, this Court will be permitted to exercise its habeas corpus jurisdiction to determine if the Clark County Municipal Court had jurisdiction to try and convict Galluzzo. But not until that has happened.

Galluzzo argues that "where federal claims are at issue, the Supreme Court has not required exhaustion of state judicial or administrative remedies. . . ." (Motion, ECF No. 25, PageID 137-38, citing *Patsy v. Board of Regents*, 457 U.S. 496 (1982).) What the Court held in *Patsy* is that there was no general requirement for exhaustion of administrative remedies before bringing suit under 42 U.S.C. § 1983. This is not a § 1983 case, however, but a habeas corpus case where the exhaustion requirement is well established both by statute and precedent. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275 (1971).

To put the matter succinctly, Galluzzo has cited no authority from any federal court holding that the exhaustion requirement is inapplicable where the petitioner claims the convicting court lacked territorial jurisdiction. In the absence of such authority, his Second Motion for Reconsideration should be denied.

If Galluzzo has full confidence in his claim that his conviction is void, he can test that proposition by violating the conditions of probation imposed on him by the Clark County

5

Municipal Court and raising his void-for-lack-of-jurisdiction claim in probation revocation proceedings.[1] But if he wishes to obtain a declaration of invalidity from this Court, he must first exhaust his remedy of delayed direct appeal to the Ohio Second District Court of Appeals.

**Conclusion**

Petitioner has shown no error in the Court's judgment dismissing his habeas corpus petition. His Second Motion for Reconsideration should therefore be DENIED. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 14, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the

---

[1] This Court in no way recommends, endorses, or encourages this course of action which might result in Galluzzo's remaining in jail until or unless he proves his point.

objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).